[Cite as *State v. Essinger*, 2016-Ohio-4977.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| STATE OF OHIO | : |
| | :   Appellate Case No. 26593 |
|     Plaintiff-Appellee | : |
| | :   Trial Court Case No. 14-CR-3557 |
| v. | : |
| | :   (Criminal Appeal from |
| ANDREW W. ESSINGER | :    Common Pleas Court) |
| | : |
|     Defendant-Appellant | : |
| | : |

. . . . . . . . . .

O P I N I O N

Rendered on the 15th day of July, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANN M. GRABER, Atty. Reg. No. 0091731, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

MICHAEL HALLOCK, JR., Atty. Reg. No. 0084630, Post Office Box 292017, Dayton, Ohio 43429
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Andrew Essinger appeals from his conviction and sentence for Rape and Gross Sexual Imposition. He contends that the trial court erred

by failing to comply with R.C. 2929.14(C)(4).

{¶ 2} We conclude, based upon the Ohio Supreme Court's ruling in *State v. Sergent*, Slip Opinion No. 2016-Ohio-2696, that Essinger's claim lacks merit. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} Pursuant to a plea agreement, Essinger pled guilty to two counts of Rape and three counts of Gross Sexual Imposition. In exchange, the State dismissed two counts of Rape of a Child Under the Age of Thirteen. Additionally, the parties agreed to an aggregate prison sentence of not less than twelve years, nor more than twenty years.

{¶ 4} The trial court sentenced Essinger to a prison term of nine years on one count of Rape, and eleven years on the other count of Rape. The sentences were ordered to be served consecutively. The trial court also sentenced him to serve a prison term of five years on each of the three counts of Gross Sexual Imposition, to be run consecutively to each other. The Rape sentences and the GSI sentences were ordered to be run concurrently, for a total aggregate prison term of twenty years. Essinger was also designated as both a Tier III and Tier II sex offender.

{¶ 5} Essinger appeals.

## II. Essinger's Agreed Prison Sentence
## Is Not Subject to Appellate Review

{¶ 6} Essinger's sole assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO MAKE THE REQUIRED FINDINGS UNDER R.C. 2929.14(C)(4) PRIOR TO IMPOSING CONSECUTIVE SENTENCES ON DEFENDANT-APPELLANT.

**{¶ 7}** Essinger contends that the trial court was required to make findings pursuant to R.C. 2929.14(C)(4) in order to impose consecutive sentences.

**{¶ 8}** R.C. 2929.14(C)(4) requires a trial court to make certain findings before imposing consecutive sentences. However, these findings are unnecessary when the court imposes a jointly-recommended sentence. *State v. Sergent*, *supra*. A jointly-recommended sentence is not subject to appellate review. *Id.; accord State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4 ("R.C. 2953.08(D)(1) does not authorize a sentencing appeal if the sentence was jointly recommended by the prosecution and the defendant and other requirements were met.").

**{¶ 9}** Here, the parties agreed to a sentence within the range of twelve to twenty years. This court has held that a "sentence within an agreed-upon range is a jointly-recommended sentence." *Connors*, at ¶ 4.

**{¶ 10}** We find no error in the trial court's sentencing decision as the aggregate sentence falls within the limits set by the parties' plea agreement and joint sentencing recommendation. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

**{¶ 11}** Essinger's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Ann M. Graber

Michael Hallock, Jr.
Hon. Barbara P. Gorman