[Cite as *State v. James*, 2016-Ohio-7889.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 104006 and 104169**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICKEY JAMES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592669-I

**BEFORE:** S. Gallagher, J., Jones, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 23, 2016

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio    44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Carl Mazzone
          Gregory J. Ochocki
Assistant Prosecuting Attorneys
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113


**Also listed:**

Mickey James
Inmate No. 673-998
Trumbull Correctional Institution
P.O. Box 901
Cleveland, Ohio   44430

SEAN C. GALLAGHER, J.:

{¶1} In this consolidated appeal, appellant Mickey James appeals from his conviction and the decision of the trial court to deny his pro se motions to withdraw his guilty plea. Upon review, we affirm the conviction and the decision of the trial court to deny his motions.

{¶2} On January 20, 2015, appellant was indicted, along with 12 codefendants, with numerous offenses related to the activities of a criminal gang. Appellant eventually entered a plea of guilty to the following charges as amended: Count 1, participating in a criminal gang, a felony of the second degree in violation of R.C. 2923.42(A), with forfeiture specifications; Count 16, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)2), with a three-year firearm specification; and Count 43, having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A). The remaining counts against appellant were nolled. Appellant agreed to forfeit certain items and to a sentencing range of five to 20 years. He was referred for a presentence investigation report.

{¶3} A sentencing hearing was held on October 14, 2015. The trial court initially imposed a total sentence of 11 years, but mistakenly included the criminal gang activity specification as part of the sentence on the felonious assault charge. That count had been amended, and the one- and five-year firearm specifications and the criminal gang activity

specification were nolled. A sentencing entry reflecting the 11-year sentence was never journalized.

{¶4} Because the sentence imposed on the criminal gang activity specification was invalid, the trial court called the case for resentencing on October 15, 2015. The trial court recognized that a clerical error on the journal entry for the plea was responsible for the mistake.[1] The trial court imposed the same sentence on each charge, less the three years on the criminal gang activity specification on Count 16. Appellant was sentenced to a prison term of five years for participating in a criminal gang; five years for felonious assault, to be served prior to and consecutive with three years on the firearm specification; and three years for having weapons while under disability. The trial court ran the sentences for each offense concurrent, except for the three-year sentence on the firearm specification, which was run consecutive to the underlying charge. Appellant's total sentence was eight years.

{¶5} The trial court also terminated community control sanctions in two other cases. The trial court imposed postrelease control. Appellant received jail-time credit for 260 days. A final judgment entry was entered on October 16, 2015, which correctly reflected appellant's plea and the eight-year sentence imposed by the trial court.

{¶6} Two months later, on December 17, 2015, appellant filed a pro se motion to withdraw his guilty plea because of manifest injustice. On December 22, 2015, the trial court denied the motion without a hearing, finding that "the defendant has failed to

---

[1] The trial court issued a nunc pro tunc entry to correct the plea entry.

establish that the record reflects that his plea was not knowingly, voluntarily and intelligently made." Appellant filed a second pro se motion to withdraw his guilty plea on January 11, 2016. On February 1, 2016, the trial court denied the motion without a hearing, indicating that it had previously denied the same motion.

{¶7} On January 11, 2016, appellant, pro se, filed a motion for leave to file a delayed appeal that was granted. Another notice of appeal was filed from the entry of February 1, 2016, that denied his second motion to withdraw his guilty plea. The appeals have been consolidated for review.

{¶8} Appellant raises four assignments of error for our review. Under his first assignment of error, appellant claims he was "denied due process of law when he was induced to enter a plea of guilty to various counts which were misrepresented at sentencing."

{¶9} As an initial matter, we recognize that because the sentence imposed was within a jointly recommended sentencing range, which was the product of a negotiated plea deal, and was authorized by law, appellate review of the sentence is precluded under R.C. 2953.08(D). *See State v. Akins-Daniels*, 8th Dist. Cuyahoga No. 103817, 2016-Ohio-7048, ¶ 14. Appellant's challenge is focused upon his plea.

{¶10} Appellant argues that he entered a plea of guilty upon the representation that he faced a sentencing range of five to 20 years, which at sentencing the trial court indicated was not possible, under the mistaken impression that the minimum was six years. This statement was made when the trial court mistakenly considered and imposed

a sentence on the criminal gang activity specification that had been nolled. The matter was called for resentencing, and the prosecutor indicated that a mistake in the journal entry for the plea was the cause of the error. The trial court proceeded to resentence appellant on the proper charges, without the criminal gang activity specification. Thus, any error in this regard was corrected by the trial court.

{¶11} We recognize that the resentencing that was conducted in this case was conducted to correct the imposition of the three-year sentence on the criminal gang activity specification that had been nolled. The resentencing occurred before the initial sentence was ever journalized. The court imposed the same sentence, less the three years. Under these circumstances, the trial court had jurisdiction to correct the sentencing error.

{¶12} We shall proceed to address appellant's challenge to his plea. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 is substantial compliance for nonconstitutional issues and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). Furthermore, a defendant must show a prejudicial effect. *Stewart* at 93.

**{¶13}** At the plea hearing, the prosecutor placed the plea agreement on the record. As part of the plea agreement, the agreed sentencing range was between five and 20 years. It was agreed that appellant would be pleading guilty to three counts, including an amended Count 16 for felonious assault, a felony of the second degree, with a three-year firearm specification. The state moved to nolle the criminal gang activity specification on that count and the one- and five-year firearm specifications.

**{¶14}** The trial court acknowledged the agreed sentencing range and specifically advised appellant of the potential prison sentence for each of the offenses to which he would be pleading guilty. On Count 16, the amended felonious assault charge, the trial court properly informed appellant that the potential prison terms on the felonious assault was "2, 3, 4, 5, 6, 7, or 8 years, and/or up to a $15,000 fine" and that the three-year firearm specification carried "a mandatory term of 3 years, served prior to and consecutive to the underlying charge[.]" The court stated, "in other words, it's 3 years for the gun, plus that 2 to 8 years, whatever that sentence is." Appellant indicated that he understood. No reference was made to the criminal gang activity specification. Appellant entered a plea of guilty to Count 16, as amended.

**{¶15}** The record reflects that the trial court informed appellant of all aspects of the sentence, including the maximum sentence that could be imposed for each offense.[2]

---

[2] We note that nothing in Crim.R. 11 requires the trial court to advise the defendant of the minimum sentence. *State v. Mackey*, 8th Dist. Cuyahoga No. 99390, 2013-Ohio-4698, ¶ 8. Rather, Crim.R. 11(C)(2)(a) only requires the trial court to inform a defendant of "the maximum penalty involved."

Appellant has not shown any prejudice because the trial court imposed a total sentence of eight years, which was within the agreed sentencing range. Further, the record reflects that the trial court complied with Crim.R. 11 and there is no evidence that appellant's plea was not entered knowingly, intelligently, and voluntarily. Appellant's first assignment of error is overruled.

{¶16} Under his second assignment of error, appellant claims he was "denied due process of law when the court overruled [his] motion to withdraw his plea[.]" Res judicata has been applied to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. Notwithstanding the application of res judicata, we find no abuse of discretion by the trial court in denying the motions because appellant failed to demonstrate a manifest injustice.

{¶17} Appellant's first pro se motion to withdraw his plea was filed two months after his conviction. In that motion, he argued that prior to accepting his plea, the trial court failed to advise him his sentence would include a mandatory term of postrelease control, failed to explain he would be subject to postrelease control sanctions, and failed to inform him that he would be required to serve a mandatory three years for the firearm specification and that this would be consecutive to any other prison term. Appellant's second pro se motion to withdraw his plea was filed after he was granted leave to appeal by this court. In that motion, he argued that prior to accepting his plea, the trial court failed to properly advise him concerning postrelease control and failed to inform him of

the maximum penalty he faced.  Both motions were denied by the trial court, and the record does not support the arguments raised.

{¶18} On appeal, appellant claims a manifest injustice occurred because the potential sentence in this case was misrepresented, again referring to the sentencing range.  As a result, he claims that his plea was not entered knowingly and voluntarily, that this plea was not an informed plea, and that he received ineffective assistance of counsel.  We note that these arguments were not raised in the motions and we have already rejected appellant's argument that his plea was not entered knowingly, intelligently, and voluntarily because it is unsupported by the record.   Appellant's second assignment of error is overruled.

{¶19} Under his third assignment of error, appellant claims he was "denied due process of law when the court sentenced [him] on a count to which he did not enter any plea."  Appellant argues that he never entered a plea to Count 1, participating in a criminal gang.

{¶20} At the plea hearing, the state outlined the entire plea agreement.  The state specifically stated that appellant would enter a plea of guilty to Count 1, "participating in a criminal gang, a felony of the second degree in violation of Revised Code 2923.42(A)[.]"  The court also outlined the offenses to which appellant "will be pleading guilty," including "[C]ount 1, participating in a criminal gang, * * * a felony of the second degree."  After further discussion, the court proceeded with a clear recitation of Count 1 for the appellant to enter a plea.  Before appellant actually entered an oral plea

of guilty, the state interrupted and requested to speak to defense counsel. When the court resumed taking the plea, it proceeded with the other two counts. The trial court found appellant guilty of each charge in the plea agreement, including Count 1, and sentenced appellant on each charge. Because no objection was raised, plain error must be demonstrated by the record.

{¶21} Our review reflects appellant understood he was entering a plea of guilty to each of the charges in accordance with the terms of a plea agreement, which were placed on the record. The trial court performed a proper Crim.R. 11(C) colloquy and explained the nature of the charges and the sentences that could be imposed. The record indicates that appellant understood the consequences of his plea and the rights that he was waiving. The trial court properly found him guilty on each count. Finding no plain error, the third assignment of error is overruled.

{¶22} Under his fourth assignment of error, appellant claims he was "denied due process of law when the trial court failed to inform [him] of the effect of a guilty plea." Appellant claims his plea should be vacated because the trial court did not inform him that a plea of guilty is a complete admission of a defendant's guilt and did not determine that the defendant understands the effect of the plea of guilty.

{¶23} Whenever accepting a plea of guilty or no contest in a felony case, a trial court is required to inform the defendant of and determine that the defendant understands the effect of the plea. Crim.R. 11(C)(2). The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and reviewed under a standard of

substantial compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Under the substantial-compliance standard, the totality of circumstances surrounding the plea is reviewed to determine whether the defendant subjectively understood that a guilty plea is a complete admission of guilt. *Id.*

{¶24} In this case, appellant entered a plea of guilty pursuant to a plea agreement. The trial court conducted a thorough colloquy with appellant to ensure that he understood the constitutional rights he would be waiving by entering a plea of guilty. At no point did appellant assert actual innocence. "[A] defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *Id*. at ¶ 19. "In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial." *Id*.

{¶25} Further, defense counsel expressed on the record that he had spoken with the defendant and that the defendant "fully understands what's going on[.]" Both defense counsel and the prosecution expressed that they were satisfied that Crim.R. 11 had been complied with by the trial court. The record also reflects that appellant had a criminal history, was familiar with the justice system, and apologized for his "bad decisions" at sentencing. The totality of circumstances reflects that appellant understood that a plea of guilty is a complete admission of guilt and the effects of the plea. Under these circumstances, appellant entered a valid guilty plea. The fourth assignment of error is overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.        The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
EILEEN T. GALLAGHER, J., CONCUR