[Cite as *State v. Webster*, 2017-Ohio-932.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 104484

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARCELLUS LAWRENCE WEBSTER

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597924-B

**BEFORE:** E.A. Gallagher, P.J., Kilbane, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 16, 2017

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street, 2nd Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Andrew J. Santoli
        Fallon Radigan
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Marcellus Webster appeals his consecutive sentences following his guilty pleas to involuntary manslaughter, aggravated robbery with a three year firearm specification and grand theft in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

**Facts and Procedural Background**

**{¶2}** Webster plead guilty to the above offenses on November 5, 2015. The parties reached a plea agreement whereby Webster would receive a minimum sentence of ten years up to a maximum of 20 years. The agreement further specified that Webster's offenses would not merge as allied offenses and that the parties stipulated to agreed consecutive sentencing findings under R.C. 2929.14(C)(4). The trial court specifically clarified that the agreement obviated its duty to put on the record why Webster's sentences would be run consecutive because it was an agreed aspect of the plea agreement. Webster's trial counsel acknowledged his agreement to these terms at the time of his plea.

**{¶3}** At sentencing, the trial court imposed an 11-year prison term on the involuntary manslaughter count, a three year prison term on the aggravated robbery count to be served consecutive to an attached three year firearm specification and a six month prison term on the grand theft count. The trial court ordered the prison terms for involuntary manslaughter and aggravated robbery to be served concurrently but

consecutive to the six-month prison term for grand theft. Webster's cumulative prison sentence for the counts in this case was 14 years and six months. The trial court further ordered the cumulative sentence in this case to be served consecutive to Webster's sentences in two separate and prior cases.

**Law and Analysis**

{¶4} In his first assignment of error, Webster argues that the trial court failed to consider his youth as a factor at sentencing pursuant to R.C. 2929.11 and 2929.12. In his second assignment of error, Webster argues that the trial court failed to make the required consecutive sentencing findings pursuant to R.C. 2929.14(C)(4). We find both of Webster's assignments of error to be barred on appeal by R.C. 2953.08(D)(1).

{¶5} Pursuant to R.C. 2953.08(D)(1), a sentence imposed upon a defendant is not subject to appellate review if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case and is imposed by a sentencing judge. A sentence is "authorized by law" and not appealable within the meaning of R.C. 2953.08(D)(1) "only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20. If all three conditions are satisfied, R.C. 2953.08(D)(1) prohibits any appeals from sentences that otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions such as R.C. 2929.11 and 2929.12. *State v. Akins-Daniels*, 8th Dist. Cuyahoga No. 103817, 2016-Ohio-7048, ¶ 14, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 22.

{¶6} In *State v. Sergent,* Slip Opinion No. 2016-Ohio-2696, ¶ 30, the Ohio Supreme Court held that a jointly recommended sentence that includes nonmandatory, consecutive sentences qualifies as "authorized by law" even where the trial court fails to make the appropriate consecutive sentencing findings pursuant to R.C. 2929.14(C)(4). *Id*. at ¶ 30.

{¶7} The above limitations on a defendant's ability to challenge an agreed sentence on appeal are equally applicable to cases such as the present that involve a sentencing range as opposed to a single definite sentence. *Akins-Daniels* at ¶ 12. If the state and defendant jointly recommend a sentencing range, the defendant implicitly agrees to all definite sentencing possibilities within that range. *Id.* at ¶ 12.

{¶8} In this case, there is no dispute that the trial court complied with all mandatory sentencing provisions and his sentences are within the appropriate statutory ranges for his offenses. Therefore, we find that Webster's sentence was authorized by law and pursuant to *Underwood* and *Sergent,* his assignments of error are not subject to review on appeal.

{¶9} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE,   J., and
SEAN C. GALLAGHER, J., CONCUR