SEAN C. GALLAGHER, J.:
{¶ 1} Appellant Anthony Grant appeals the sentence imposed in three underlying cases, Cuyahoga C.P. Nos. CR-15-598262-A, CR-15-598310-A, and CR-15-599943-A, as well as the imposition of court costs. Upon review, we affirm.
Background
{¶ 2} Appellant was indicted and charged on multiple counts in each of the three underlying cases. He ultimately entered *794 a plea agreement with the state and pleaded guilty to the following charges: in CR-15-598262-A, involuntary manslaughter in violation of R.C. 2903.03 with a three-year firearm specification; in CR-15-598310-A, attempted aggravated robbery in violation of R.C. 2911.01 with a one-year firearm specification; and in CR-15-599943-A, to the indictment as charged, which included two counts of having weapons while under disability and one count of carrying a concealed weapon, each with a forfeiture of weapon specification.
{¶ 3} With regard to the first two cases, CR-15-598262-A and CR-15-598310-A, there was an agreement to a sentencing range for the two offenses in the aggregate to a term of between 6 and 20 years, which is down from the maximum of up to 26 years. There was no agreement to a sentence in CR-15-599943-A, which was to be in addition to the other two cases.
{¶ 4} At sentencing, the trial court indicated it had reviewed the presentence investigation report and appellant's sentencing memorandum. The trial court heard from defense counsel, appellant, persons on appellant's behalf, members of the victims' families, and the assistant prosecutor. The trial court indicated it had considered all the information presented, all the principles and purposes of felony sentencing, and the appropriate recidivism and seriousness factors. The trial court reviewed appellant's criminal history, including his juvenile record. Further, the trial court considered the plea agreement and made the requisite findings for consecutive sentences.
{¶ 5} The trial court sentenced appellant as follows.
{¶ 6} In CR-15-598262-A, to eight years in prison for involuntary manslaughter, plus three years on the firearm specification to run prior to and consecutive with the eight-year sentence, for a total of 11 years.
{¶ 7} In CR-15-598310-A, to eight years in prison for attempted aggravated robbery, plus one year on the firearm specification to run prior to and consecutive with the eight-year sentence, for a total of nine years.
{¶ 8} In CR-15-599943-A, to 18 months in prison on each of the three counts, to run concurrent to each other.
{¶ 9} The trial court ordered the sentences in CR-15-598262-A and CR-15-598310-A to run consecutive to each other for an aggregate sentence of 20 years. The cases were also run consecutive with CR-15-599943-A, for a total of 21 and one-half years. The court imposed postrelease control and also found appellant responsible for court costs.
{¶ 10} Appellant timely filed this appeal.
Law and Analysis
R.C. 2953.08(D)(1) Reviewability-CR-15-598262-A and CR-15-598310-A
{¶ 11} Before reaching the assignments of error, we must first determine the reviewability of the sentence imposed in two of the underlying cases, CR-15-598262-A and CR-15-598310-A. In these two cases, there was an agreement to an aggregate sentence of 6 to 20 years, which is below the statutory maximum of 26 years. The trial court imposed an aggregate sentence of 20 years.
{¶ 12} R.C. 2953.08(D)(1) limits our ability to review an agreed sentence. R.C. 2953.08(D)(1) states:
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
*795 {¶ 13} The initial question we must answer is whether an agreement to a sentencing range, as opposed to a specific term of incarceration, is a jointly recommended sentence for purposes of R.C. 2953.08(D)(1).
Jointly Recommended Sentencing Range
{¶ 14} Examining some basic realities from our current criminal justice system helps resolve the above question.
{¶ 15} As the number of trials has reduced over the past decade, criminal practitioners on both sides have increasingly turned their focus to sentencing proceedings. The uncertainty over what sentence a particular offender might receive has created a negotiation process involving sentencing that now rivals the efforts put into securing a plea. This effort is made for good reason.
{¶ 16} In cases involving serious crimes where guilt is found or admitted, consecutive sentencing is often in play. Defendants may wish to limit their potential exposure. Conversely, the state seeks to ensure the sentence will satisfy the victim or the prosecutor's sense of justice for the community as a whole. Sentences can vary widely. A mutual agreement on sentencing can be beneficial to both sides.
{¶ 17} Nevertheless, even where an agreement on sentencing can be reached between the parties, trial judges are sometimes reluctant to be bound by a specific number on a specific sentence agreed to by the parties at the time of the plea. Judges may have concerns about what a presentence investigation report may reveal or what may later be said during a sentencing hearing that may sway the judge's decision. Judges often prefer to retain sentencing discretion, and curbing or limiting their discretion is not something easily accomplished. For this reason, judges may reject agreed sentences involving a specific term. This has given way to the rise of agreed sentencing ranges, which create the needed flexibility for the parties to negotiate a resolution but allow the judge to retain discretion to impose a fair and just sentence within acceptable and agreed to parameters.
{¶ 18} Range agreements are no different than specific term agreements; they are both negotiated agreements based on a quid pro quo arrangement where each side gives up something in exchange for being bound by the terms of the agreement. Under either scenario, the defendant can "cap" or limit his exposure. When an agreed range is involved, the state is ensured the sentence will fall within the agreed range and the defendant is ensured the sentence will not exceed it. We cannot permit a defendant to agree to a term of imprisonment, whether expressed specifically or within a range, in exchange for lesser charges or having some charges dismissed, only to turn around and challenge that very agreement on appeal. Such practice would only serve to undermine the state's incentive to enter plea agreements in the first place.
{¶ 19} Thus, whether the joint recommendation is to a range or a specific term, the sentence is not reviewable. Other districts agree. So long as the sentence imposed within a jointly recommended sentencing range is authorized by law, the sentence is not reviewable on appeal. R.C. 2953.08(D)(1). See State v. Ramsey , 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, 2017 WL 2644852, ¶ 15-17 ; State v. Essinger , 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, 2016 WL 3862715, ¶ 10 ; State v. Connors , 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, 2016 WL 3032681, ¶ 4 ; State v. James , 8th Dist. Cuyahoga Nos. 104006 and 104169, 2016-Ohio-7889, 2016 WL 6906306, ¶ 9 ;
*796 State v. Scurles , 6th Dist. Lucas Nos. L-07-1108 and L-07-1109, 2008-Ohio-2480, 2008 WL 2152567, ¶ 7-9 (all finding sentence imposed within a jointly recommended sentencing range that was authorized by law was not subject to review on appeal).
{¶ 20} Accordingly, we find that an agreement to a sentencing range is a jointly recommended sentence and is not reviewable under R.C. 2953.08(D)(1) if the sentence is authorized by law.
Authorized by Law
{¶ 21} Pursuant to R.C. 2953.08(D)(1), if a jointly recommended sentence imposed by a sentencing judge is "authorized by law," then it is not subject to review on appeal. State v. Sergent , 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15. The Supreme Court of Ohio has held that "[a] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." (Emphasis added.) State v. Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.
{¶ 22} In Underwood , the court found that an agreed sentence is not "authorized by law" simply if it falls within the statutory range for the offense and that when a sentence fails to include a mandatory provision, it may be appealed. Id. at ¶ 19-21. The reason the sentence within the acceptable range in Underwood was deemed not "authorized by law" was because the state previously conceded the counts at issue were allied offenses of similar import, yet the trial court failed to merge the sentences and sentenced on those counts individually. See id. at ¶ 30. The court recognized that the decision to impose consecutive sentences is a discretionary decision that does not involve a mandatory sentencing provision. See id. at ¶ 27. As the court indicated in Underwood , "Our holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as * * * whether consecutive * * * sentences were appropriate under certain circumstances." Id. at ¶ 22. In Sergent , the Supreme Court of Ohio determined that a jointly recommended sentence that includes nonmandatory consecutive sentences is "authorized by law" and not appealable even if consecutive-sentencing findings have not been made. Sergent at ¶ 29-30, citing Underwood and State v. Porterfield , 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690.
{¶ 23} It follows that a sentence that is within the authorized statutory ranges for the offenses and comports with all mandatory sentencing provisions is authorized by law. That appellant agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial. A sentence that is authorized by law and imposed within a jointly recommended sentencing range is not subject to appellate review. See Ramsey , 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, at ¶ 15-17 ; Essinger , 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, at ¶ 10 ; Connors , 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, at ¶ 4 ; James , 8th Dist. Cuyahoga Nos. 104006 and 104169, 2016-Ohio-7889, at ¶ 9 ; Scurles , 6th Dist. Lucas Nos. L-07-1108 and L-07-1109, 2008-Ohio-2480, at ¶ 7-9.
{¶ 24} Accordingly, when a trial judge imposes nonmandatory consecutive sentences within a jointly recommended sentencing range, the sentence is "authorized by law" and is not subject to review on appeal pursuant to R.C. 2953.08(D)(1), regardless of any express agreement to consecutive sentences. Several other districts that have reviewed this issue have agreed. Ramsey at ¶ 15 (Fifth District finding that the defendant implicitly agreed to nonmandatory consecutive sentences within a *797 jointly recommended sentencing range and that the sentence was authorized by law and not appealable); Essinger at ¶ 8 -10 (Second District recognizing that consecutive-sentence findings are unnecessary when the court imposes a sentence within a jointly recommended sentencing range and that such a sentence is not subject to appellate review); Connors at ¶ 4 (Second District recognizing "a sentence within an agreed-upon range is a jointly-recommended sentence"); Scurles at ¶ 8 (Sixth District finding sentence within agreed statutory range was authorized by law despite no specific agreement to consecutive sentences); see also State v. Griffin , 4th Dist. Athens No. 16CA4, 2017-Ohio-6877, 2017 WL 3049992, ¶ 38-39 (finding the community-control notice requirement in R.C. 2929.19(B)(4) is like the consecutive-sentencing findings and not a "mandatory sentencing provision" for purposes of determining whether a jointly recommended sentence is "authorized by law").
{¶ 25} The rationale expressed by the Supreme Court of Ohio applies equally in this matter: "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, at ¶ 25.
{¶ 26} Here, the parties agreed to an aggregate sentence of 6 to 20 years for case Nos. CR-15-598262-A and CR-15-598310-A. Appellant agreed that any sentence within that range is appropriate, and therefore, the trial court was permitted to impose nonmandatory consecutive sentences within the agreed sentencing range. As the trial court recognized, "that range would anticipate that there will be some consideration of consecutive sentences." At sentencing, the state requested that "in light of the consideration that the state gave in the range, we do ask for the maximum consecutive under the plea agreement." The trial court indicated it had considered the information presented, all the principles and purposes of felony sentencing, all appropriate recidivism and seriousness factors, and whether consecutive sentences were appropriate. The record also reflects that the trial court made the findings for consecutive sentences.
{¶ 27} The dissent disagrees with the majority view that a sentence within a jointly recommended sentencing range that is authorized by law and necessarily includes consecutive sentences is not reviewable, regardless of any express agreement as to consecutive sentences. The dissent traces the majority view to the unbinding dicta from State v. Akins-Daniels , 8th Dist. Cuyahoga No. 103817, 2016-Ohio-7048, 2016 WL 5630672.[1] The dissent is opposed to any reference to Akins-Daniels and rejects the logic that has since been adopted in other decisions.
*798 {¶ 28} It is agreed that Akins-Daniels has no precedential value on the question of our review of sentences under R.C. 2953.08(D)(1). Akins-Daniels was decided on other grounds, but this writer's portion of the opinion did reference the use of sentencing range agreements. Id. Despite the lack of binding authority in Akins-Daniels , there is nothing that precludes a panel of appellate judges from this district or any other from applying the proposition being discussed. Indeed, other districts have considered the reviewability of sentencing range agreements under R.C. 2953.08(D)(1), and their decisions were free to follow this logic. Although the roots may well be traced to Akins-Daniels , this writer's view remains the same and other districts have agreed.
{¶ 29} Upon our consideration of the cases from the Supreme Court of Ohio and the rationale adopted by other districts that have considered sentencing range agreements, we conclude that a trial court's imposition of nonmandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence that is authorized by law and not reviewable on appeal under R.C. 2953.08(D)(1).
{¶ 30} We recognize that the dissent does not agree with the majority's view and that taken by the other districts cited herein. Significantly, the dissent has not answered or responded to the preliminary question of whether a sentencing range agreement amounts to a jointly recommended sentence under R.C. 2953.08(D)(1). Under the dissent's view, even where the only way to cover the sentences within a recommended range requires the imposition of consecutive sentences, this agreement is somehow invalid unless the defendant expressly agrees to be sentenced consecutively. We respectfully disagree with the dissent's view.
{¶ 31} Where a defendant agrees to a sentencing range, he implicitly agrees to all definite sentencing possibilities within that range, including nonmandatory consecutive sentences. Ramsey , 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, at ¶ 15, citing Webster at ¶ 5, and Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 22. "If [the defendant] believed a sentence at the top end of that range was improper, [he] should not have accepted a plea deal that authorized it." Connors , 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, at ¶ 4.
{¶ 32} In 2016, the Supreme Court of Ohio decided Sergent , 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, which interpreted R.C. 2953.08 in the context of consecutive sentences. Defendant Sergent agreed to a definite, aggregate term of 24 years consisting of three consecutive eight-year terms for three rape counts. Id. at ¶ 2-3. The Supreme Court of Ohio held "[i]f a jointly recommended sentence includes nonmandatory consecutive sentences, and the trial judge fails to make the consecutive-sentence findings * * *, the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." Id. at ¶ 30.
{¶ 33} The same logic can be applied to jointly recommended sentencing ranges that are authorized by law and that contemplate nonmandatory consecutive sentences. The inherent understanding in some agreed ranges is that they are inclusive of consecutive sentences that may be imposed. If a defendant agrees to a range that allows for the imposition of more than 11 years on any counts involving an F-1 offense and any other crime, that defendant has agreed to consecutive sentences.
{¶ 34} We conclude that a sentence imposed within a jointly recommended sentencing range that is authorized by law is *799 not subject to appellate review under R.C. 2953.08(D)(1), regardless of whether there is any specific agreement to nonmandatory consecutive sentences. Because the 20-year aggregate sentence imposed in CR-15-598262-A and CR-15-598310-A was an agreed or jointly recommended sentence that was authorized by law, it is not reviewable on appeal.
{¶ 35} In light of the above determination, we shall consider the assignments of error only as they relate to the 18-month sentence in CR-15-599943-A. In CR-15-599943-A, appellant was convicted of two counts of having weapons while under disability, both felonies of the third degree, and one count of carrying a concealed weapon, a felony of the fourth degree, each count having a forfeiture of weapon specification. The trial court sentenced appellant to a prison term of 18 months on each count, to run concurrent to each other and consecutive to the sentences imposed in the other two cases. The court also imposed court costs.
Assignments of Error-CR-15-599943-A
{¶ 36} Under his first assignment of error, appellant claims the trial court failed to make the appropriate findings to justify a consecutive sentence.
{¶ 37} A trial court must both make the statutory findings required for consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing journal entry. State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. A trial court is not required to state reasons to support its decision to impose consecutive sentences. Id. at ¶ 27. Further, in making the requisite findings, a word-for-word recitation of the statutory language is not required. Id. at ¶ 29. As long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. Id.
{¶ 38} The record reveals that the court "considered those factors carefully" and made the required findings under R.C. 2929.14(C) for imposing consecutive sentences on the record, stating as follows:
So I've considered those factors carefully and I find that consecutive sentences are necessary to protect and punish. Protect our community to punish you. It's not disproportionate to the harm that was caused in this matter. And I do find that harm was so great or unusual, a single term would not adequately reflect the seriousness of your conduct.
The court also incorporated the consecutive-sentence findings in the sentencing entry.
{¶ 39} Although appellant's counsel acknowledges this fact, he nevertheless advocates against the imposition of consecutive sentences. Counsel merely states that "the trial court failed to comply with Ohio statutory requirements in attempting to justify a consecutive sentence" and raises the issue to preserve appellant's rights.
{¶ 40} The record reflects that appellant committed the crimes in the three cases in a short time, over a span of three to four months. As the state argued, "[t]wo people dead, and then a gun, a gun concealed on him, right near this bar where this shooting * * * happened. What was going to happen next with that gun?" Upon imposing consecutive sentences, the trial court commented upon appellant's criminal history, including his juvenile record, and recognized appellant has "been on this path, unfortunately, for some time" and had been bound over to adult court in these matters "because you're not amenable to the system anymore." The court found *800 "the record is replete with valid reasons for consecutive sentences." Upon our review of the record, we are unable to clearly and convincingly find that the record does not support the sentencing court's findings, and appellant makes no persuasive argument on this point. See R.C. 2953.08(G)(2)(a).
{¶ 41} Accordingly, the first assignment of error is overruled.
{¶ 42} Under his second assignment of error, appellant claims the trial court improperly considered his prior juvenile history when imposing a consecutive sentence. In support of his argument, appellant cites to State v. Hand , 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448. The Hand decision pertains to the use of juvenile adjudications in the context of sentence enhancement and has no application to our analysis for consecutive sentencing.[2] Hand did not involve the imposition of consecutive sentences under R.C. 2929.14(C)(4). It is well settled that a defendant's juvenile record may be considered as part of an offender's "criminal history" for R.C. 2929.14(C)(4) purposes in determining whether to impose consecutive sentences. State v. Carney, 1st Dist. Hamilton No. C-160660, 2017-Ohio-8585, 2017 WL 5517708, ¶ 19-20 ; State v. McCray , 8th Dist. Cuyahoga No. 102852, 2015-Ohio-4689, 2015 WL 7078639, ¶ 17-19 ; State v. Bromagen , 1st Dist. Hamilton No. C-120148, 2012-Ohio-5757, 2012 WL 6085369, ¶ 8. Appellant's second assignment of error is overruled.
{¶ 43} Appellant's third and fourth assignments of error relate to the trial court's decision to require appellant to pay court costs. Under the third assignment of error, appellant claims the court did not comply with R.C. 2947.23. Upon imposing court costs, the trial court indicated that appellant "may be required to do community work service" while incarcerated or on postrelease control.
{¶ 44} R.C. 2947.23(A)(1) requires the sentencing court in all criminal cases to "include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." The statute requires a trial court to assess costs against all criminal defendants, even those who are indigent. State v. Dean , 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 231. Nevertheless, pursuant to R.C. 2947.23(C), the court retains jurisdiction to waive the costs of prosecution, and may do so at the time of sentencing or any time thereafter. State v. Beasley , 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 265. Waiver of costs is permitted, though not required, if the defendant is indigent. State v. White , 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14.
{¶ 45} If the judge imposes a community-control sanction or other nonresidential sanction, then the court is to provide certain notifications under R.C. 2947.23(A)(1)(a). Pursuant to R.C. 2947.23(A)(1)(b), the failure to provide the notifications "does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment." Furthermore, the current version of the statute does not require the notifications when a trial court imposes a prison term. State v. Davis , 8th Dist. Cuyahoga No. 104574, 2017-Ohio-8222, 2017 WL 4711399, ¶ 53. Such is the case herein.
*801 {¶ 46} Accordingly, the trial court did not err when it ordered appellant to pay court costs in this matter. Appellant's third assignment of error is overruled.
{¶ 47} Under his fourth assignment of error, appellant claims the imposition of court costs infringes upon his constitutional rights. He argues that the trial court should have considered his ability to pay before imposing any court costs. Appellant's reliance upon R.C. 2929.19 and 2947.14 is misplaced. These provisions have no application to the imposition of court costs, which are not financial sanctions. See State v. Dawson , 2017-Ohio-965, 86 N.E.3d 672, ¶ 42 (8th Dist.) ; State v. Brock , 8th Dist. Cuyahoga No. 104334, 2017-Ohio-97, 2017 WL 121752, ¶ 20. Appellant's fourth assignment of error is overruled.
{¶ 48} Judgment affirmed.
MELODY J. STEWART, J., CONCURS;
KATHLEEN ANN KEOUGH, P.J., CONCURS IN PART, CONCURS IN JUDGMENT ONLY IN PART, AND DISSENTS IN PART WITH SEPARATE OPINION
{¶ 49} I respectfully dissent from that part of the majority opinion that finds that a sentence imposed within a jointly recommended sentencing range that is authorized by law is not subject to appellate review under R.C. 2953.08(D)(1), even if the defendant did not expressly agree to the imposition of nonmandatory consecutive sentences. I would hold that the trial court's imposition of nonmandatory consecutive sentences is reviewable on appeal where, as part of a plea agreement, the defendant agreed to a sentencing range or cap, but did not specifically agree to the imposition of consecutive sentences.
{¶ 50} A sentence imposed upon a defendant is not subject to appellate review if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution, and is imposed by a sentencing judge. R.C. 2953.08(D)(1). The majority asserts that an agreement to a sentencing range is an agreed sentence, and that a sentence imposed within a jointly recommended sentencing range is not reviewable under R.C. 2953.08(D)(1) if the sentence is authorized by law. It then concludes that when a trial judge imposes nonmandatory consecutive sentences within an agreed sentencing range, the sentence is authorized by law and not subject to review on appeal pursuant to R.C. 2953.08(D)(1), even where there is no express agreement to consecutive sentences. I cannot agree.
{¶ 51} The gist of the majority's argument is that a specific stipulation to consecutive sentences is not necessary to render a sentence authorized by law because "[w]here a defendant agrees to a sentencing range, he implicitly agrees to all definite sentencing possibilities within that range, including nonmandatory consecutive sentences." The majority cites State v. Ramsey , 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, 2017 WL 2644852, ¶ 15, as support for this proposition. It is apparent, however, that this proposition of law comes directly from State v. Akins-Daniels , 8th Dist. Cuyahoga No. 103817, 2016-Ohio-7048, 2016 WL 5630672, a case with no precedential value. Indeed, Ramsey quotes State v. Webster , 8th Dist. Cuyahoga No. 104484, 2017-Ohio-932, 2017 WL 1026282, ¶ 5, for this proposition, which in turn cites Akins-Daniels .
*802 {¶ 52} But this court did not recognize or adopt the above-stated principle in Akins-Daniels . First, the statement was made without citation to any case law or legal authority. Further, Akins-Daniels has no precedential value. Two judges concurred in judgment only in Akins-Daniels . More specifically, those judges concurred with the lead opinion's analysis as set forth in Section I of the opinion, but specifically "disagree[d]" with the analysis set forth in Section II of the opinion, wherein the lead opinion held that all appellate review of Akins-Daniels's sentence was precluded under R.C. 2953.08(D) because the imposed sentence was the product of a negotiated plea deal in which Akins-Daniels had agreed to a sentencing range. Id. at ¶ 18. In their separate opinion, the two judges noted that Akins-Daniels had agreed only to a sentencing floor, not to a sentencing range, and accordingly, had not agreed to any and all sentences in the range specified in the lead opinion. Id. at ¶ 19. Nevertheless, the two judges found that the lead opinion correctly determined, as set forth in Section I of the opinion , that Akins-Daniels's appeal lacked merit because he had not clearly and convincingly demonstrated that his sentence was contrary to law. Id. at ¶ 9, 21. Accordingly, the two judges concurred in judgment only with the decision.
{¶ 53} The proposition stated in Akins-Daniels -that "[i]f the state and defendant jointly recommend a sentencing range, the defendant implicitly agrees to all definite sentencing possibilities within that range"-comes directly from Section II of the Akins-Daniels opinion, with which two judges specifically disagreed. Id. at ¶ 12. Thus, that section of the opinion necessarily has no precedential value and cannot be cited as authority for that proposition.
{¶ 54} Although the majority says it "agree[s] that Akins-Daniels has no precedential value on the question of our review of sentences under R.C. 2953.08(D)(1)," it is apparent that its central premise comes directly from Akins-Daniels . The majority tries to hide its reliance on Akins-Daniels by citing Ramsey , which relies on Webster , which relies on Akins-Daniels .
{¶ 55} The majority attempts another end run around Akins-Daniels by citing paragraph nine of State v. James , 8th Dist. Cuyahoga Nos. 104006 and 104169, 2016-Ohio-7889, 2016 WL 6906306, as support for its conclusion that "a sentence that is authorized by law and imposed within a jointly recommended sentencing range is not subject to appellate review." Paragraph nine of James cites paragraph 14 of Akins-Daniels as authority for this proposition, and paragraph 14 comes from Section II of the Akins-Daniels opinion, with which no judges concurred and which consequently has no precedential value. It is apparent that the majority view can be traced directly to the nonbinding dicta in Akins-Daniels . But to "apply the proposition being discussed" in Akins-Daniels to this case, as the majority admits it is doing, that proposition should be based on precedent-not merely "unbinding dicta."
{¶ 56} In addition to relying on a case with no precedential value to resolve the reviewability question, the majority misstates the holding in State v. Sergent , 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.2d 627. The majority opines that "[i]n Sergent , the Ohio Supreme Court determined that a jointly recommended sentence that includes nonmandatory consecutive sentences is 'authorized by law' and not appealable even if consecutive-sentencing findings have not been made." The actual holding, however, was that when nonmandatory consecutive sentences are jointly recommended by the parties, the consecutive-sentence findings required by *803 R.C. 2929.14(C)(4) are not required; and thus, when a trial judge imposes nonmandatory consecutive sentences without making the required findings, the sentence is nevertheless authorized by law and unreviewable on appeal. Id. at ¶ 43-44. Indeed, the question addressed by the Supreme Court in Sergent was "when jointly recommended consecutive sentences are imposed and the trial judge fails to make the findings required in R.C. 2929.14(C), is the sentence 'authorized by law'?" Id. at ¶ 15. (Emphasis added.)
{¶ 57} In analyzing the question, the Supreme Court first noted its holding in State v. Porterfield , 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, which the Court stated "stands for the proposition that a joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-sentencing findings set out in R.C. 2929.14(C)(4), and that such a sentence, once imposed, is not subject to review under R.C. 2953.08(D) (now (D)(1)." (Emphasis added.) Id. at ¶ 22. The Supreme Court acknowledged that such a sentence is "authorized by law" pursuant to State v. Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, even though it involves a discretionary decision to impose consecutive sentences, rather than a mandatory sentencing provision. Therefore, noting that " Porterfield controls," the Supreme Court held that "[i]f a jointly recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4), the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." Id. at ¶ 30.
{¶ 58} Despite Sergent's instruction that "a joint recommendation to impose consecutive sentences eliminates the need for a trial judge to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4) and that such a sentence, once imposed, is not subject to review under R.C. 2953.08(D)," id. at ¶ 22, several districts have concluded that where a defendant has agreed to a sentencing range, even where he or she did not expressly agree to the imposition of consecutive sentences, no findings are required because such a sentence is authorized by law. The majority cites these cases with approval to support its resolution of the reviewability question. Notably, however, one of these cases- Ramsey -cites Webster and Akins-Daniels for the proposition that "if the state and defendant jointly recommend a sentencing range, the defendant implicitly agrees to all definite sentencing possibilities within that range"-a proposition that, as discussed above, is unsupported by legal authority and comes from a case with no precedential value.
{¶ 59} Furthermore, these cases are inconsistent with Sergent , which held that consecutive-sentence findings were not required only where the defendant and the state specifically agreed to them, thus making their imposition authorized by law and unreviewable. Id. at ¶ 30. It is significant that in paragraph 31 of the Sergent opinion, the Supreme Court cited nine Ohio cases that had "reached the same result" as in Sergent . In all nine cases, the defendant's sentence was held unreviewable because the defendant and the state had jointly agreed to the imposition of consecutive sentences or to the sentence that was imposed. None of the cases involved an agreement only to a sentencing range.
{¶ 60} The majority opines that the rationale expressed by the Supreme Court of Ohio in Porterfield resolves the reviewability question: "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because *804 the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Porterfield , 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, at ¶ 25.
{¶ 61} But that is precisely the point. Where a defendant does not agree to the imposition of nonmandatory consecutive sentences, even where the defendant has agreed to a sentencing range, the sentence is not an agreed-upon sentence. The rationale expressed in Porterfield was apt because, as the court noted, the defendant "agreed to the precise sentence imposed," which included consecutive sentences. Porterfield at ¶ 25. He also stipulated to the consecutive-sentence findings. Id. at ¶ 2. Thus, the sentence imposed was indeed a "jointly recommended sentence that was authorized by law" and not subject to review. Id. at ¶ 26. The Porterfield rationale does not apply, however, where there is no agreement to nonmandatory consecutive sentences.
{¶ 62} The disturbing but logical extension of the majority's view is that any sentence imposed when a defendant pleads guilty to a felony is unreviewable, because any time a defendant pleads guilty to a felony, he agrees to be sentenced to the range appropriate for that felony. The majority's view, apparently, is that such sentences are never reviewable because they involve a range.
{¶ 63} Accordingly, I dissent from the majority's conclusion that a sentence imposed within a jointly recommended sentencing range that is authorized by law is not subject to appellate review, even where the defendant did not expressly agree to the imposition of nonmandatory consecutive sentences. Thus, because Grant did not agree to consecutive sentences, I would find that the first and second assignments of error, which challenge the imposition of consecutive sentences in CR-15-598310-A and CR-15-598262 are reviewable. Nevertheless, the first and second assignments of error lack merit because the trial court made the required findings to impose consecutive sentences and properly considered Grant's juvenile history when imposing sentence. Therefore, I concur in judgment only with the majority on its disposition of these assignments of error. I concur with the majority's resolution of the third and fourth assignments of error.

In Akins-Daniels , it was stated by this writer in a separate opinion that "[i]f the state and defendant jointly recommend a sentencing range, the defendant implicitly agrees to all definite sentencing possibilities within that range." Id. at ¶ 12 ; see also State v. Webster , 8th Dist. Cuyahoga No. 104484, 2017-Ohio-932, 2017 WL 1026282, ¶ 7, citing Akins-Daniels at ¶ 12. Although two of the judges in Akins-Daniels disagreed over the nature of the range agreement and dissented from that portion of the opinion, all three judges affirmed the 14-year sentence on other grounds. Thereafter, in Webster , a panel of this court applied the proposition expressed in Akins-Daniels to preclude review of a sentence imposed within an agreed range of between 10 and 20 years. The language of the range agreement in Webster was far clearer than the language in Akins-Daniels .

In Hand , the Ohio Supreme Court held that a juvenile adjudication cannot be treated as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime. Id. at ¶ 1.