[Cite as *State v. Menefee*, 2025-Ohio-1932.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :

                                No. 114396

    v.                                              :

SHANIQUA MENEFEE,                             :

    Defendant-Appellant.                   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 29, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-691261-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alexandria Serdaru, Assistant Prosecuting Attorney, *for appellee.*

Edward M. Heindel, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Shaniqua Menefee ("appellant") appeals her convictions after she pleaded guilty to involuntary manslaughter and felonious assault. For the reasons that follow, we affirm.

{¶ 2} Appellant was indicted on five counts related to the death of her boyfriend, Jamale Thompson: aggravated murder, an unclassified felony, in violation of R.C. 2903.01(A); murder, an unclassified felony, in violation of R.C. 2903.02(A); murder, an unclassified felony, in violation of R.C. 2903.02(B); felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1); and felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2).

{¶ 3} Pursuant to a plea bargain, appellant pleaded guilty to an amended Count 3, involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony punishable by three to 11 years in prison and Count 4, felonious assault, a second-degree felony punishable by two to eight years in prison. As part of the plea agreement, the parties agreed to a recommended sentence of 15 years in prison and, additionally, that the offenses were not allied offenses of similar import.

{¶ 4} During the Crim.R. 11 plea colloquy, the trial court informed appellant that it did not have to sentence her to the recommended sentence and could sentence her to a shorter or longer sentence. The court also explained the application of indefinite sentencing under the Reagan Tokes Law. The court noted in its journal entry: "As conditions of this plea bargain, the parties: (1) stipulate that Counts Three and Four are not allied offenses of similar import and (2) jointly recommend a net sentence of 15 years in prison."

{¶ 5} At the sentencing hearing, the trial court stated that it was taking into account appellant's sentencing "agreement with the State of Ohio" and adopted the recommended sentence. The court noted that the parties had agreed that the

offenses were not allied offenses of similar import and sentenced appellant to the following:

> Count 1, the Felony 1, I'm going to ask you to serve 10 years at the Ohio Reformatory for Women . . . . [O]n the second count, the F2, the felony of the second degree, I'm going to ask that you serve five years at the Ohio Reformatory for Women. I'm going to ask that these sentences be served consecutively, meaning one after the other, so we're talking about a 15-year sentence.

{¶ 6} The trial court also reminded appellant of the possibility that the sentence could be extended by the Ohio Department of Rehabilitation and Correction

> So on Count 1, Felony 1, I'm asking you to serve 10 years in prison. That is considered a minimum sentence on that count. It is rebuttably presumed that you will be released at the end of that sentence, but also after the end of the five years on the felonious assault as well. But I want you to know that the Department of Rehabilitation and Corrections, which runs the prison, the DRC, may rebut the presumption that the Felony 1 sentence will end at 10 years . . . . If the DRC at the hearing makes specified determinations and rebuts the presumption that on the Felony 1 you're getting out in 10 years, then the DRC may maintain your incarceration . . . . And if that were to come to pass, given the consecutive nature of the two felony sentences, your maximum potential prison term is in fact 20 years . . . . That's a long way of saying the sentence you are getting today is a 15 years, but it can be extended more or less based on whether there's misconduct in prison.

{¶ 7} Appellant filed a notice of appeal and raises the following assignments of error:

> I. The trial court did not make the findings required by R.C. 2929.14(C)(4) in order to impose consecutive sentences.

> II. The record did not support the findings made to impose consecutive sentences.

III. The trial court erred when it failed to merge Counts 3 and 4 as those were allied offenses of similar import.

{¶ 8} At the outset, the State argues that appellant's sentence is not subject to review pursuant to R.C. 2953.08(D)(1). R.C. 2953.08(D)(1) provides that "a sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 9} This court's decision in *State v. Curry*, 2023-Ohio-1571 (8th Dist.), is on point. In *Curry*, Curry agreed to plead guilty to one count of involuntary manslaughter with a three-year firearm specification, one count of felonious assault, and one count of having weapons while under disability. After discussion, the parties reached an agreement to jointly recommend a 17-year prison sentence. During the plea hearing, the trial court informed Curry of the application of indefinite sentencing under the Reagan Tokes Law, i.e., that he could be facing more than 17 years in prison. *Id.* at ¶ 6. The court subsequently imposed a 17-year sentence and reminded Curry of the indefinite portion of his sentence. *Id.* at ¶ 11.

{¶ 10} In holding that Curry's sentence was not reviewable, this court noted that "'a trial court's imposition of nonmandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence that is authorized by law and not reviewable on appeal under R.C. 2953.08(D)(1).'" *Id.* at ¶ 16, quoting *State v. Grant*, 2018-Ohio-1759, ¶ 29 (8th Dist.). "'[I]t does not matter if the jointly recommended sentence is a range or a specific term, as long as the sentence is

authorized by law, the sentence is not reviewable.'" *Curry* at *id.*, quoting *Grant* at ¶ 19, citing R.C. 2953.08(D)(1). "Thus, it is also true that '[i]n the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive sentence findings under R.C. 2929.14(C)(4) or include those in the sentencing entry.'" *Curry* at *id.*, quoting *State v. Coleman*, 2022-Ohio-4013, ¶ 19 (8th Dist.); *see also State v. Sergent*, 2016-Ohio-2696, ¶ 43 (8th Dist.).

{¶ 11} For the same reasons, appellant's argument that the trial court erred in finding that her convictions were not allied offenses fails.

{¶ 12} In *State v. Underwood*, 2010-Ohio-1, the Ohio Supreme Court held that when a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import, R.C. 2953.08(D)(1) does not bar appellate review of the sentence even though it was jointly recommended by the parties and imposed by the court. *Id.* at paragraph one of the syllabus. But the court set forth an exception to that general rule: "[N]othing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence." *Id.* at ¶ 29.

{¶ 13} In the case at bar, the parties agreed as part of the plea agreement that Counts 3 and 4 were not allied offenses of similar import. Thus, because appellant agreed that the offenses were not allied offenses of similar import and because her sentence comported with all mandatory sentencing provisions, her sentence was

authorized by law and is not subject to appellate review under R.C. 2953.08(D)(1). *See State v. Champion*, 2022-Ohio-3146 (1st Dist.) (holding that because appellant stipulated that the offenses were committed with separate animus, the sentences imposed by the trial court were authorized by law and not subject to appellate review).

{¶ 14} The appellant's assignments of error are overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
DEENA R. CALABRESE, J., CONCUR