[Cite as *State v. Patterson*, 2018-Ohio-4114.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106655

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALONZO PATTERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606558-A

**BEFORE:** McCormack, P.J., E.T. Gallagher, J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 11, 2018

[Cite as *State v. Patterson*, 2018-Ohio-4114.]

**ATTORNEY FOR APPELLANT**

Patricia J. Smith
206 S. Meridian Street, Suite A
Ravenna, OH 44266


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Martin Maxwell
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Alonzo Patterson ("Patterson") appeals his sentence. Because we find that Patterson's sentence is not subject to appellate review, we affirm.

**Procedural and Substantive History**

{¶2} As this case was resolved by a plea agreement, our summary of the underlying facts are limited to what was placed on the record at sentencing. On May 19, 2016, Patterson shot and killed 19-year-old Diamond Russell. Patterson had been hanging out with a friend at a gas station when, allegedly in response to shots fired by another individual, Patterson fired three shots into Russell's back as Russell and two of his friends were fleeing.

{¶3} Patterson and a codefendant were charged in a 14-count indictment with aggravated murder, murder, and felonious assault as to Russell, and attempted murder as to Russell's friends, along with tampering with evidence, discharge of a firearm on or near prohibited premises, and carrying a concealed weapon. Patterson initially pleaded not guilty to all counts. Ultimately, a plea agreement was negotiated.

{¶4} On May 8, 2017, Patterson pleaded guilty to an amended Count 1, involuntary manslaughter, with a three-year firearm specification; an amended Count 5, attempted murder, with a three-year firearm specification; an amended Count 7, attempted murder, with a three-year firearm specification; Count 9, tampering with evidence; and Count 12, carrying a concealed weapon. The remaining counts and specifications were

dismissed. As part of the plea agreement, the prosecutor and defense counsel jointly recommended a sentence between 23 and 30 years in prison.

{¶5} Patterson was referred for a presentence investigation report and a mitigation report. The court held a sentencing hearing on June 15, 2017. At sentencing, the prosecutor argued on behalf of a 30-year sentence, citing the particularly tragic nature of the offense. Defense counsel argued for a sentence at the lower end of the recommended range, citing Patterson's lack of criminal history and the absence of an intent to harm the victim. The court also heard from the victim's mother, Patterson's mother, and Patterson himself.

{¶6} The court imposed a sentence of 3 years for the firearm specification to be served prior to and consecutive to 10 years for the underlying offense in Count 1; 3 years for the firearm specification to be served prior to and consecutive to 9 years for the underlying offense in Count 5, to be served consecutive to Count 1; 3 years for the firearm specification to be served concurrent to Count 1, and 8 years on the underlying offense in Count 7 to be served concurrently to Count 1; 36 months on Count 9, to run concurrently; and 18 months on Count 12, also to run concurrently. Patterson's total aggregate sentence was 25 years. Patterson was granted 393 days of jail time credit.

{¶7} Patterson appeals his sentence, presenting one assignment of error for our review.

**Law and Analysis**

**{¶8}** In his sole assignment of error, Patterson argues that the trial court erred by failing to both (1) make the required findings for consecutive sentences under R.C. 2929.14(C)(4), and to consider mitigating factors under R.C. 2929.12(E) and (2) incorporate those findings into its sentencing journal entry.

**{¶9}** Pursuant to R.C. 2953.08, a reviewing court may overturn the imposition of consecutive sentences where it "clearly and convincingly finds that 'the record does not support the sentencing court's findings' under R.C. 2929.14(C)(4), or the sentence is 'otherwise contrary to law.'" *State v. Hendricks*, 8th Dist. Cuyahoga No. 101864, 2015-Ohio-2268, ¶ 9, quoting R.C. 2953.08(G)(2)(a) through 2953.08(G)(2)(b).

**{¶10}** Pursuant to R.C. 2953.08(D)(1), however, a sentence imposed upon a defendant is not subject to appellate review if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and has been imposed by the sentencing judge. This limitation on a defendant's ability to bring an appellate challenge of an agreed sentence applies equally to cases involving range agreements, such as this case, and cases involving specific term agreements. *State v. Grant*, 8th Dist. Cuyahoga No. 104918, 2018-Ohio-1759, ¶ 18. Further, the limitation applies to cases in which the sentence includes nonmandatory consecutive sentences, despite no specific agreement as to consecutive sentences. *Id*. at ¶ 24; *State v. Glaze*, 8th Dist. Cuyahoga No. 105519, 2018-Ohio-2184, ¶ 15.

**{¶11}** Here, Patterson's sentence was authorized by law, despite the absence of an explicit agreement to consecutive sentences beyond those statutorily required for firearm

specifications.    Further, it was jointly recommended.    Patterson and the state recommended that the court impose a sentence of between 23 and 30 years.    The court imposed a sentence of 25 years.    Because his sentence was authorized by law, jointly recommended, and imposed by a sentencing judge, Patterson's sentence is not subject to appellate review.    Therefore, we affirm his sentence.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.    The defendant's conviction having been affirmed, any bail pending appeal is terminated.    Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR