[Cite as *State v. Witcher*, 2019-Ohio-1351.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO                                              :

     Plaintiff-Appellee,                            :

                                           No. 107337

     v.                                                          :

DAVID WITCHER,                                        :

     Defendant-Appellant.                        :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 11, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-619390-A

---

### *Appearances:*

Brian McGraw, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, Maxwell Martin and Eben McNair, Assistant Prosecuting Attorneys, *for appellee.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, David Witcher ("Witcher"), appeals his sentence following his guilty plea to voluntary manslaughter, felonious assault, and tampering with evidence. For the reasons set forth below, we affirm.

{¶ 2} In July 2017, Witcher was charged in a five-count indictment. Counts 1 and 2 charged him with the murder of David Anderson ("Anderson") and carried one- and three-year firearm specifications. Counts 3 and 4 charged him with felonious assault and carried one- and three- year firearm specifications. Count 5 charged him with tampering with evidence and carried a one-year firearm specification.

{¶ 3} Pursuant to a plea agreement, Witcher pled guilty to: (1) Count 1, which was amended to voluntary manslaughter with one- and three-year firearm specifications; (2) Count 3, which was amended to delete both firearm specifications; and (3) Count 5, tampering with evidence with the one-year firearm specification. The remaining counts and specifications were nolled. As part of the plea agreement, the state and Witcher agreed to a sentence between 18-25 years. Both parties also agreed that Count 1 (involuntary manslaughter) and Count 3 (felonious assault) do not merge for the purposes of sentencing to avoid life in prison.

{¶ 4} Nearly one week later, the matter proceeded to sentencing. At sentencing, the trial court heard from the state, defense counsel, and Witcher. According to the state, Witcher was at Anderson's home with Anderson and

Anderson's grandson the day before Anderson was murdered. Anderson's grandson left the home around midnight and, at that time, Anderson was still alive. The grandson came back the next morning to check on Anderson and found him deceased. Anderson's gun was taken and Witcher was no longer in the home. Anderson's family knew Witcher. He worked with Anderson, and at times stayed with Anderson. Anderson had been shot with his own weapon. Witcher's DNA was located under Anderson's fingernails, as well as in the holster of Anderson's gun.

{¶ 5} Defense counsel advised the court that Witcher has no prior felony convictions and had been diagnosed with several mental health issues. Defense counsel explained that both Witcher and Anderson were drinking heavily during the day in question. Anderson had a BAC of .197 when he was tested at the coroner's office. Anderson also carried, on a regular basis, a .380 caliber weapon, which he kept in a holster on his person, including when he was home. According to Witcher, Anderson was waving his gun around during an argument. Witcher became upset, grabbed the gun, and at some point during the confrontation shot Anderson. Witcher left the scene afterwards and hid the gun. Witcher explained to defense counsel that because of the drinking, he was not thinking very clearly.

{¶ 6} The trial court sentenced Witcher to an aggregate of 19 years in prison. The court imposed three years on the firearm specification, plus eleven years on the involuntary manslaughter charge in Count 1 for a total of fourteen years in prison. For the felonious assault charge (Count 3), the court sentenced Witcher to five years in prison, to be served consecutive to the fourteen years in Count 1. The

court also sentenced Witcher to one year on the firearm specification, plus three years on the tampering with evidence charge in Count 5 for a total of four years in prison, to be served concurrent to the other counts.

{¶ 7} Witcher now appeals, raising the following single assignment of error for review:

**Assignment of Error**

> The plea agreement recommended a sentencing range. The plea agreement was silent on consecutive sentences. The trial court failed to properly justify its consecutive sentences under [R.C.] 2929.14(C)(4)(b) when imposing the sentence.

{¶ 8} Witcher acknowledges that as part of his plea, he agreed to a sentencing range of 18 to 25 years and that the counts would not merge. He argues, however, that the trial court did not address the findings necessary to impose a consecutive sentence as required by R.C. 2929.14(C)(4)(a)-(c). He contends the trial court gave no justification during sentencing and, in the journal entry, erroneously asserted that Witcher had a criminal history that would justify consecutive sentencing.

{¶ 9} R.C. 2953.08 provides that a reviewing court may overturn the imposition of consecutive sentences where it clearly and convincingly finds that the "record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or the sentence is "otherwise contrary to law." *Id.* at (G)(2)(a)-(b). Under R.C. 2953.08(D)(1), however, a sentence imposed upon a defendant is not subject to appellate review if the sentence is authorized by law, has been recommended jointly

by the defendant and the prosecution in the case, and has been imposed by the sentencing judge.

{¶ 10} This court has previously found that the limitation on a defendant's ability to bring an appellate challenge to an agreed sentence applies to cases involving range agreements, such as this case, and cases involving specific term agreements. *State v. Patterson*, 8th Dist. Cuyahoga No. 106655, 2018-Ohio-4114, ¶ 10, citing *State v. Grant*, 8th Dist. Cuyahoga No. 104918, 2018-Ohio-1759. Moreover, the limitation applies to cases in which the sentence includes nonmandatory consecutive sentences, regardless of whether there is any specific agreement to nonmandatory consecutive sentences. *Id.* at ¶ 10, citing *Grant* at ¶ 24 and *State v. Glaze*, 8th Dist. Cuyahoga No. 105519, 2018-Ohio-2184; *see also State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 43 (where the Ohio Supreme Court held that, in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, "a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4). Accordingly, when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1).")

{¶ 11} In light of the foregoing, we find that Witcher's sentence is not subject to appellate review. The record reveals that Witcher's sentence was authorized by law, despite the absence of an explicit agreement to consecutive sentences beyond those statutorily required for firearm specifications. *Patterson* at ¶ 10. Additionally,

the sentence was jointly recommended.  The recommended sentence at the plea was between 18 and 25 years.  The court imposed a sentence of 19 years.  Because Witcher's sentence fits within the three criteria under R.C. 2953.08(D)(1), his sentence is not subject to appellate review.  As a result, we affirm his sentence.

{¶ 12}  The sole assignment of error is overruled.

{¶ 13}  Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR