[Cite as *State v. Andrews*, 2021-Ohio-1719.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

     Plaintiff-Appellee,          :

                        No. 110047

v.                                      :

CE'MATIZEA ANDREWS,                     :

     Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 20, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-632567-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anna Faraglia and John Hirschauer, Assistant Prosecuting Attorneys, *for appellee.*

Rick L. Ferrara, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Ce'Matizea Andrews appeals the imposition of maximum, consecutive prison sentences after he pled guilty to one count of involuntary manslaughter with three-year and five-year firearm specifications and

one count of attempted felonious assault. Andrews contends that the record does not support the imposition of consecutive sentences, specifically, the trial court's proportionality finding under R.C. 2929.14(C)(4). Because we find that Andrews' sentences are not reviewable under R.C. 2953.08(D)(1), we affirm.

**Factual Background and Procedural History**

{¶ 2} On October 5, 2018, a Cuyahoga County Grand Jury indicted Andrews and six codefendants in a 29-count indictment. Andrews was charged in 13 of those counts, which included one count of aggravated murder (Count 1), one count of murder (Count 2), four counts of attempted murder (Counts 3-6), one count of discharge of a firearm on or near prohibited premises (Count 7), four counts of felonious assault (Counts 8-11), one count of improperly handling firearms in a motor vehicle (Count 12) and one count of having weapons while under disability (Count 14). Many of the counts included one-year, three-year and five-year firearm specifications.

{¶ 3} The charges arose out of a shootout that occurred in the area of Lee Road and Harvard Avenue in Cleveland on June 20, 2018, resulting in the death of a nine-year-old girl, S.N. S.N. was sitting in the backseat of her mother's vehicle, waiting for her mother to retrieve her brother from a nearby boxing club. Andrews initiated the shootout, firing a gun out of the window of a moving vehicle at a group of males with whom Andrews had a verbal altercation earlier that day. Although no one was struck by Andrews' gunfire, when members of the group returned fire on Andrews, a bullet struck S.N. in the head, killing her.

**{¶ 4}** The parties reached a plea agreement. On August 11, 2020, Andrews pled guilty to amended Count 1, involuntary manslaughter in violation of 2903.04(A), a first-degree felony, with three-year and five-year firearm specifications and amended Count 8, attempted felonious assault in violation of R.C. 2923.02/2903.11, a third-degree felony. Amended Count 1 related to the death of S.N. Amended Count 8 related to the attempted felonious assault of three males at whom Andrews had fired — three of his codefendants, Demarias Perry, Timothy Greene and Dyshawn Bonner. As part of the plea agreement, the parties agreed to a jointly recommended sentence of 18 to 22 years and that Andrews would not be subject to judicial release. In exchange for Andrews' guilty pleas, the remaining counts were nolled. The trial court ordered a presentence investigation report and scheduled the sentencing hearing for the following month.

**{¶ 5}** The sentencing hearing was held on September 24, 2020. S.N.'s family, the state, Andrews' stepfather, Andrews and defense counsel addressed the trial court at the sentencing hearing. After hearing these statements, reviewing "the entire case file" and considering the presentence investigation report, the state's sentencing memorandum, Andrews' motion to waive fees and costs, the "principles and purposes of sentencing" in R.C. 2929.11, the "seriousness and recidivism factors" in R.C. 2929.12 and the sentencing provisions specifically relating to "felony sentencing of the first and third degrees," the trial court sentenced Andrews to an aggregate prison term of 22 years, i.e., 19 years on amended Count 1 (eight years on the two firearm specifications to be served prior to and consecutive to 11 years on

the underlying offense) and a consecutive 36-month sentence on amended Count 3. The trial court also imposed five years of mandatory postrelease control and ordered Andrews to pay costs, but stayed the costs for five years.

{¶ 6} The trial court made the followings findings in support of the imposition of consecutive sentences at the sentencing hearing:

> On the felony of the third degree, the defendant will be sentenced to 36 months consecutive with the felony of the first degree. The Court finds that it is necessary to protect the public and to punish the offender, that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct, and the offender's criminal history shows that consecutive terms are needed to protect the public.

{¶ 7} In its September 24, 2020 sentencing journal entry, the trial court set forth its findings in support of the imposition of consecutive sentences as follows:

> Fel-3 is to run consecutive with the fel-1. That is necessary to protect the public and punish the offender, and the harm is so great that a single term does not adequately reflect the seriousness of the conduct and the offender's criminal history shows that consecutive terms are needed to protect the public.

{¶ 8} Andrews appealed, raising the following assignment of error for review:

> The trial court erred in imposing maximum, consecutive sentences.

**Law and Analysis**

{¶ 9} In his sole assignment of error, Andrews contends that the record clearly and convincingly did not support the trial court's proportionality finding under R.C. 2929.14(C)(4), i.e., that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to

the public, and that the trial court, therefore, erred in imposing consecutive sentences.[1] Specifically, Andrews argues that because he did not fire the bullet that killed S.N. (and because no other person was struck by any of the bullets Andrews fired), the trial court's imposition of consecutive sentences is "disproportionate to the conduct alleged." He maintains that "maximum, consecutive sentences should be reserved for the shooter * * * on the same charges" and that the trial court should have, therefore, imposed concurrent rather than consecutive sentences. Andrews requests that this court vacate his consecutive sentences or modify his 22-year aggregate sentence to a 19-year aggregate sentence.

{¶ 10} As stated above, however, this case involves a jointly recommended sentence. Our review of Andrews' sentences is, therefore, limited by R.C. 2953.08(D)(1). Pursuant to R.C. 2953.08(D)(1), a sentence imposed upon a defendant is not subject to appellate review "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *See also State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22 (R.C. 2953.08(D)(1) is "a statutory limit on a court of appeals' jurisdiction to hear an appeal."). This limitation on a defendant's ability to challenge a jointly recommended sentence on appeal applies to sentences imposed as a result of plea agreements involving an agreed specific term, plea

---

[1] Andrews does not dispute that the trial court made the findings required for the imposition of consecutive sentences under R.C. 2929.14(C)(4). He argues only that the record clearly and convincingly does not support the trial court's proportionality finding under R.C. 2929.14(C)(4).

agreements involving a jointly recommended sentencing range and plea agreements involving pleas to multiple offenses with a jointly recommended aggregate sentencing range. *State v. Williams*, 8th Dist. Cuyahoga No. 108724, 2020-Ohio-3802, ¶ 8-10; *State v. Patterson*, 8th Dist. Cuyahoga No. 106655, 2018-Ohio-4114, ¶ 10; *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 11-20, 23 (8th Dist.). "That appellant agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial." *Grant* at ¶ 23. R.C. 2953.08(D)(1) also precludes appellate review of a defendant's sentence where nonmandatory consecutive sentences are imposed, even where there is no specific agreement as to the imposition of consecutive sentences. *State v. Smith*, 8th Dist. Cuyahoga No. 108708, 2020-Ohio-3454, ¶ 23; *Grant* at ¶ 24; *State v. Glaze*, 8th Dist. Cuyahoga No. 105519, 2018-Ohio-2184, ¶ 15-16.

{¶ 11} A sentence is "authorized by law" within the meaning of R.C. 2953.08(D)(1) "'if it comports with all mandatory sentencing provisions.'" (Emphasis deleted.) *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 26, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus; *see also State v. Adkins*, 8th Dist. Cuyahoga Nos. 109184 and 109185, 2021-Ohio-1294, ¶ 11.

{¶ 12} In this case Andrews was sentenced pursuant to a plea agreement that included, as one of its negotiated terms, an aggregate sentencing range that was recommended jointly to the trial court and the trial court sentenced Andrews to an aggregate sentence of 22 years, a sentence that was within the jointly recommended

sentencing range of "18 to 22 years." The agreed sentencing range, and the sentences ultimately imposed, were within the authorized statutory ranges for the offenses. There is no claim that Andrews' sentence did not otherwise comport with any "mandatory sentencing provisions."

{¶ 13} Andrews argues that his consecutive sentences should be vacated because the record clearly and convincingly did not support the trial court's findings in support of the of imposition of consecutive sentences under R.C. 2929.14(C)(4) — specifically, the required finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶ 14} However, based on the parties' plea agreement, the trial court was not required to make consecutive sentencing findings in order to impose consecutive sentences in this case. "If a jointly recommended sentence includes nonmandatory consecutive sentences, and the trial judge fails to make the consecutive-sentence findings * * *, the sentence is nevertheless 'authorized by law,' and therefore is not appealable pursuant to R.C. 2953.08(D)(1)." *Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, at ¶ 30, 43. When the trial court imposes nonmandatory consecutive sentences within a jointly recommended sentencing range that is authorized by law, the sentences are "not subject to appellate review under R.C. 2953.08(D)(1), regardless of whether there is any specific agreement to nonmandatory consecutive sentences." *Grant*, 2018-Ohio-1759, 111 N.E.3d 791, at ¶ 34; *see also Smith*, 2020-Ohio-3454, at ¶ 23; *Patterson*, 2018-Ohio-4114, at ¶ 10.

**{¶ 15}** As the court explained in *Grant*:

> Range agreements are no different than specific term agreements; they are both negotiated agreements based on a quid pro quo arrangement where each side gives up something in exchange for being bound by the terms of the agreement. Under either scenario, the defendant can "cap" or limit his exposure. When an agreed range is involved, the state is ensured the sentence will fall within the agreed range and the defendant is ensured it will not exceed it. We cannot permit a defendant to agree to a term of imprisonment, whether expressed specifically or within a range, in exchange for lesser charges or having some charges dismissed, only to turn around and challenge that very agreement on appeal. Such practice would only serve to undermine the state's incentive to enter plea agreements in the first place.
>
> * * *
>
> Where a defendant agrees to a sentencing range, he implicitly agrees to all definite sentencing possibilities within that range, including nonmandatory consecutive sentences. * * * "If [the defendant] believed a sentence at the top end of that range was improper, [he] should not have accepted a plea deal that authorized it." [*State v.*] *Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, at ¶ 4.
>
> * * *
>
> The inherent understanding in some agreed ranges is that they are inclusive of consecutive sentences that may be imposed. If a defendant agrees to a range that allows for the imposition of more than 11 years on any counts involving an F-1 offense and any other crime, that defendant has agreed to consecutive sentences.

*Grant* at ¶ 18, 31, 33; *cf. State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25 ("The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.").

{¶ 16} In entering into the plea agreement in this case, the parties agreed that any aggregate sentence within the range of 18 to 22 years would be appropriate. The maximum sentence the trial court could have imposed on amended Count 1 was 19 years (eight years on the firearm specifications consecutive to 11 years on the involuntary manslaughter charge). The maximum sentence the trial court could have imposed on amended Count 3 was 36 months. As such, the agreed range of "18 to 22 years" necessarily contemplated the potential imposition of nonmandatory consecutive sentences. Andrews, therefore, implicitly agreed to the imposition of consecutive sentences when he entered into the plea agreement, and the trial court was permitted to impose nonmandatory consecutive sentences within the agreed sentencing range even without making all of the findings that would otherwise be required for the imposition of consecutive sentences under R.C. 2929.14(C)(4). *See, e.g., State v. Williams,* 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 43; *State v. Phillips,* 3d Dist. Allen No. 1-19-43, 2020-Ohio-2785, ¶ 27 (where defendant's sentence was imposed pursuant to a joint recommendation, appellate court "need not discuss whether the trial court made consecutive-sentence findings to conclude that [defendant's] consecutive sentences are authorized by law").

{¶ 17} Because the sentences imposed by the trial court were within the sentencing range jointly recommended by Andrews and the state as part of the plea agreement and were authorized by law, Andrews' sentences, including the imposition of consecutive sentences, are not reviewable under R.C. 2953.08(D)(1).

{¶ 18} Even if the trial court's decision to impose consecutive sentences was reviewable and the trial court was required to make consecutive sentencing findings prior to the imposition of consecutive sentences, we could not say that the record "clearly and convincingly" "does not support" the trial court's findings under R.C. 2929.14(C)(4). R.C. 2953.08(G)(2). In his appellate brief, Andrews acknowledges that he "proximately caused a deadly chain of events by recklessly shooting at someone who then fired back." Andrews fired shots from a moving vehicle on a busy street, in an area in which there were multiple cars and pedestrians, and under circumstances in which Andrews could have reasonably expected that his intended victims would return fire. Regardless of whether Andrews fired the deadly shot, there is no dispute that his conduct posed a great risk of serious bodily harm to the public and, in fact, resulted in the death of an innocent bystander, a nine-year-old girl.

{¶ 19} Further, as the state noted at the sentencing hearing, Andrews, who was then 21, had a lengthy history of criminal conduct, including 15 prior juvenile delinquency adjudications — many of which involved offenses of violence. In this case, Andrews got into a verbal altercation with a group of males and escalated the dispute into a drive-by shooting. The presentence investigation report identifies Andrews as having a "high risk" of recidivism. The record does not clearly and convincingly fail to support the trial court's consecutive sentence findings under R.C. 2929.14(C)(4).

{¶ 20} We overrule Andrews' assignment of error.

**{¶ 21}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR