[Cite as *State v. Riggens*, 2025-Ohio-3028.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 24CA41 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Nathan Riggens, | : | **RELEASED 8/19/2025** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

L. Scott Petroff, Athens, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Alisa Turner, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

Hess, J.

{¶1} Nathan Riggens appeals from a judgment of the Ross County Common Pleas Court convicting him, following guilty pleas, of 17 counts of pandering sexually oriented matter involving a minor and 5 counts of illegal use of a minor in a nudity-oriented material or performance. Riggens presents two assignments of error asserting that his sentence is contrary to law because the record clearly and convincingly does not support the imposition of consecutive sentences and that the trial court violated his right against double jeopardy when it failed to merge the pandering counts and the illegal use counts. For the reasons which follow, we affirm the trial court's judgment.

## I.  PROCEDURAL HISTORY

{¶2}    In March 2024, Riggens was indicted on 22 counts—Counts 1 through 17, pandering sexually oriented matter involving a minor, fourth-degree felonies, and Counts 18 through 22, illegal use of a minor in a nudity-oriented material or performance, fifth-degree felonies.  Each pandering count alleged that Riggens

> on or about July 6, 2023, in the County of Ross aforesaid, did with knowledge of the character of the material or performance involved, knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality, in violation of Section 2907.322 of the Ohio Revised Code, and against the peace and dignity of the State of Ohio.

Each illegal use count alleged that Riggens

> on or about July 6, 2023, in the County of Ross aforesaid, did possess or view material or a performance that shows a minor, who is not the said Nathan A. Riggens' child or ward, in a state of nudity, such nudity being a lewd exhibit or graphically focused on the minor's genitals, in violation of Section 2907.323 of the Ohio Revised Code, and against the peace and dignity of the State of Ohio.

{¶3}    In September 2024, Riggens pleaded guilty to all 22 counts pursuant to a plea agreement. The parties agreed to a 17-year prison term. The trial court accepted the guilty plea and sentenced Riggens to 12 months in prison on each pandering count and 8 months in prison on each illegal use count. The court ordered that the sentences for the pandering counts be served consecutive to each other and that the sentences for the illegal use counts be served concurrent to each other and to the sentences for the pandering counts, resulting in an aggregate prison sentence of 17 years. The court also determined Riggens was a Tier II sexual offender and subject to a mandatory period of five years of post-release control.

## II.  ASSIGNMENTS OF ERROR

{¶4}   Riggens presents two assignments of error:

First Assignment of Error:  The sentence is contrary to law because the record clearly and convincingly does not support the imposition of consecutive sentences.[1]

Second Assignment of Error:  The trial court violated Appellant's right against double jeopardy, in violation of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when it failed to merge counts one through seventeen and counts eighteen through twenty-two.

## III.  LAW AND ANALYSIS

{¶5}   In the first assignment of error, Riggens contends the sentence is contrary to law because the record clearly and convincingly does not support the imposition of consecutive sentences. He concedes the trial court made the requisite findings under R.C. 2929.14(C)(4) to impose consecutive sentences but claims the record contains no facts upon which the court could make those findings. He asks us to "vacate the consecutive sentencing findings, leaving the sentence concurrent on all counts."

{¶6}   In the second assignment of error, Riggens contends the trial court violated his right against double jeopardy when it failed to merge the pandering counts and the illegal use counts. Riggens acknowledges plain error review applies. He suggests an obvious error occurred because "[t]he trial court failed to merge counts where the record supports merger." Riggens maintains that the indictment charged the pandering counts "using identical language," so it "charges seventeen counts of the same offense, committed on the same date, where no separate animus is described." He maintains that the indictment also charged the illegal use counts "using identical language," so it

---

[1] The assignments of error are taken from page one of Riggens's appellate brief; the first assignment of error is stated differently on page three of the brief.

"charges four counts of the same offense, committed on the same date, where no separate animus is described to support multiple punishments."[2]  He asserts that "there was no PSI, and no inquiry by the court regarding the facts of these offenses," so "the record clearly and convincingly does not support the imposition of multiple sentences," and he "was prejudiced because he received multiple punishments for the single act described in the indictment." He asserts that "[b]ecause the record does not support multiple punishments and no description of separate offenses can be found anywhere in the record, the court plainly erred when it sentenced [him] to multiple sentences." He asks us to merge the pandering counts with each other and merge the illegal use counts with each other.

### A.  R.C. 2953.08

{¶7}   R.C. 2953.08(A)(4) authorizes a defendant who pleads guilty to a felony to appeal as a matter of right the sentence imposed on the defendant on the ground that it is "contrary to law."  R.C. 2953.08(G)(2) states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

---

[2] As previously noted, there were five counts of illegal use.

**{¶8}** However, as the State points out, Riggens's sentence is not subject to review pursuant to R.C. 2953.08(D)(1), which states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." The trial court imposed the 17-year aggregate prison sentence the parties jointly recommended, and the sentence is authorized by law. "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 2010-Ohio-1, paragraph two of the syllabus. A trial court has a mandatory duty to consider the relevant factors in R.C. 2929.11 and 2929.12, *State v. Ruggles*, 2023-Ohio-2277, ¶ 11 (4th Dist.), and the trial court indicated it did so in this case. In addition, the 12-month prison terms the court imposed for the fourth-degree felony pandering counts and the 8-month prison terms the court imposed for the fifth-degree felony illegal use counts were within the statutorily authorized ranges for such offenses. *See* R.C. 2929.14(A)(4)-(A)(5). And as we explain below, the sentence is authorized by law even if the record does not support the court's consecutive-sentence findings and even though the court did not merge any of the offenses.

### B. Consecutive Sentences

**{¶9}** R.C. 2929.14(C)(4) states that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court" makes certain findings. Because the statute "permits, but does not require, a trial court to impose consecutive sentences," it "is not a mandatory sentencing provision." *State v. Howard*, 2017-Ohio-9392, ¶ 54 (4th Dist.),

citing *State v. Sergent*, 2016-Ohio-2696, ¶ 28-30. "[I]n the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *Sergeant* at ¶ 43. Therefore, "when a trial judge imposes such an agreed sentence without making those findings, the sentence is nevertheless 'authorized by law' and not reviewable on appeal pursuant to R.C. 2953.08(D)(1)." *Id.*

{¶10} In this case, the jointly recommended sentence included nonmandatory consecutive sentences—the parties agreed to an aggregate 17-year prison sentence which could not be achieved without nonmandatory consecutive sentences because the maximum sentence for each pandering count was 18 months and for each illegal use count was 12 months. *See* R.C. 2929.14(A)(4)-(5); *see generally State v. Ramsey*, 2017-Ohio-4398, ¶ 15 (5th Dist.), quoting *State v. Webster*, 2017-Ohio-932 (8th Dist.) (appellant agreed to nonmandatory consecutive sentences even though written plea agreement and record of plea hearing did not mention them because the agreed sentencing range could not be accomplished without consecutive sentences, and "'[i]f the state and defendant jointly recommend a sentencing range, the defendant implicitly agrees to all definite sentencing possibilities within that range'"). Therefore, the trial court was not required to make the consecutive-sentence findings or support the findings it nonetheless made "with sufficient evidence on the record." *State v. Ross*, 2017-Ohio-9400, ¶ 71 (4th Dist.). Consequently, Riggens's sentence is still authorized by law even if the consecutive-sentence findings lack such support as he contends. *See id.*

### C. Merger

**{¶11}** "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *Underwood*, 2010-Ohio-1, at ¶ 23. R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶12}** "The sentencing court has a mandatory duty to merge allied offenses of similar import." *State v. Bontrager*, 2022-Ohio-1367, ¶ 12 (4th Dist.), citing *State v. Stapleton*, 2020-Ohio-4479, ¶ 50 (4th Dist.). A sentence which includes multiple counts of allied offenses of similar import is not authorized by law. *Underwood* at ¶ 1. Therefore, "when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court." *Id.* at ¶ 26.

**{¶13}** However, Riggens has not shown that the trial court imposed sentence on multiple counts that are allied offenses of similar import in violation of R.C. 29241.25(A). "[T]he defendant has the burden to establish that R.C. 2941.25 prohibits multiple punishments." *Bontrager* at ¶ 12, citing *Stapleton* at ¶ 52. Because Riggens did not raise the merger issue below, he has forfeited all but plain error. *State v. Bailey*, 2022-Ohio-

4407, ¶ 7. "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *Id.* at ¶ 8, citing *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. To prevail under the plain-error doctrine, Riggens "must establish that 'an error occurred, that the error was obvious, and that there is "a reasonable *probability* that the error resulted in prejudice," meaning that the error affected the outcome of the trial.'" (Emphasis added in *Rogers*.) *Id.*, quoting *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22.

**{¶14}** "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *State v. Ruff*, 2015-Ohio-995, paragraph one of the syllabus. "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus. "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

**{¶15}** Riggens has not shown the trial court committed error, let alone plain error, when it failed to merge the pandering counts and the illegal use counts. The record is sparse because Riggens entered a guilty plea and did not raise a merger argument below. Although the indictment alleges each offense occurred on or about the same day, and alleges the same elements for the pandering offenses and the same elements for the

illegal use offenses, it does not provide any facts regarding the conduct constituting the offenses and thus does not show that Riggens committed them together and with the same animus. The indictment also does not identify the victim or victims or the harm which resulted from the offenses and thus does not show that the offenses are of similar import. Therefore, the information in the indictment is insufficient to establish that the pandering counts or the illegal use counts are allied offenses of similar import subject to merger.

### D. Conclusion

**{¶16}** Because Riggens failed to show that the trial court violated his right against double jeopardy when it failed to merge the pandering counts and the illegal use counts, we overrule the second assignment of error. And because the trial court imposed a jointly recommended sentence which is authorized by law, his sentence is not reviewable under R.C. 2953.08(D)(1), and we cannot review the merits of the first assignment of error. Accordingly, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**